(27 Misc. Rep. 381.)

RUSSELL et al. v. NEW YORK PRODUCE EXCHANGE et al.

(Supreme Court, Special Term, New York County. May, 1899.)

EXCHANGES—RIGHTS OF PERSONS NOT MEMBERS.

Plaintiffs, who are not members of an exchange, are not entitled to an injunction restraining such exchange from posting a resolution on its bulletin board declaring plaintiffs guilty of certain charges, and prohibiting members of the exchange from representing and acting for them on the floor of the exchange, where it does not appear that the business of such exchange is so affected by a public use as to render it subject to regulation at the suit of one not a member.

Action by Calvin S. Russell and others against the New York Produce Exchange and others for an injunction restraining defendant from posting a certain resolution on its bulletin board, prohibiting the members of the exchange from representing and acting for plaintiffs on the floor of said exchange. Complaint dismissed.

John P. Clarke, for plaintiffs.
A. Blumenstiel, for defendants.

GILDERSLEEVE, J. The defendants Hadley and Toomey were co-partners and members of the New York Produce Exchange. The plaintiffs were co-partners in business, but were not members of the Produce Exchange, nor was either of them a member of said exchange. The plaintiffs, however, had been dealing on the said exchange through said firm of Hadley & Toomey, as their brokers. Prior to November 15, 1898, the plaintiffs and said firm of brokers had a dispute as to the account between them. In order to settle this dispute, the plaintiffs and said firm of brokers agreed to submit the matter in controversy to the arbitration committee of the New York Produce Exchange. There does not appear to have been any

compulsion exercised upon the plaintiffs to induce them to so submit the matter to arbitration, or to agree upon said committee as the arbiter; and it must be held that they voluntarily chose, or consented to, this method of settling the dispute in question.    The said arbitration committee decided in favor of the brokers.    The plaintiffs, however, complained that the award was irregular and unjust, and refused to abide by it; whereupon the said brokers brought an action in this court for judgment on said award, which action is still pending.    On or about January 11, 1898, the said firm of brokers filed a complaint with the said exchange, in compliance with the by-laws of said exchange; and proceedings were had, under and in pursuance of the said by-laws, which resulted in the passage by the board of managers of the said exchange of a resolution declaring the plaintiffs guilty of the charges brought against them by the said brokers, and prohibiting the plaintiffs from representation on the floor of the exchange, and prohibiting all members of the exchange from representing or doing business for the plaintiffs on the exchange, after the posting of notice of such prohibition on the bulletin of the exchange. A copy of said resolution was duly posted on the bulletin board upon the floor of the exchange from about April 7, 1898, to about July 23, 1898, when it was removed by reason of an ex parte temporary injunction.    The plaintiffs brought this action for an injunction, restraining the Produce Exchange from posting this resolution, and from prohibiting the members of the exchange from representing plaintiffs on the exchange, and acting for them on the floor of said exchange.    It is the claim of the plaintiffs that this action of the board of managers was unfair and irregular.    The board, however, appear to have acted in accordance with the by-laws of the exchange. Whether they arrived at a just conclusion with regard to the merits of the dispute between the plaintiffs and the said firm of brokers, or not, is a question that is not in issue here.    That matter will be decided when the action, now pending in this court, upon the said award, is tried.    The action of the board, and the proceedings leading up to the final resolutions here complained of, appear to have been regular, so far as the relations between the members of the exchange are concerned.    No complaint appears to have been made by any member of the exchange, and if the plaintiffs, who are not members of the exchange, object to the by-laws of the said exchange, I know of no remedy by which they can make their objections effective.    It is for the members to complain, if, indeed, any cause of complaint exists, but not for an outsider.    There is no illegal restraint of trade in the matter.    The board of managers do not and cannot prevent the members, if so disposed, from dealing with the plaintiffs outside of the Produce Exchange.    They merely exclude the plaintiffs from any dealings on the floor of their exchange.    The by-laws, in virtue of which the board so acted, are, in effect, a mere contract of agreement between the members of the exchange.    As the plaintiffs were not members of the exchange, they had no right to have their business transacted there without the consent of the Produce Exchange, and consequently they have suffered no illegal injury by the act of the exchange in question.    It is true the by-laws permitted the members

to do business for outsiders on the floor of the exchange, if they so saw fit to do; and, if the action of the board of managers has taken away that permission with respect to the plaintiffs, it is for the members to complain, not for an outsider, who never had any rights in the matter. If there is any restraint of trade, it is the trade of the members of the exchange which is so restrained. The plaintiffs cannot be said to be suffering great and irreparable injury, calling for injunctive relief, for the reason that none of their legal rights are being infringed. If there is any illegal restraint of trade, the members of the exchange can disregard the action of the board of managers, and, if the exchange attempts to punish them, the courts will protect them. That is a question for the members of the exchange, not for the plaintiffs. There is no evidence produced in this action to warrant the court in assuming that the business of the Produce Exchange is so affected by a public use that it is subject to regulation at the suit of an outsider. If such be the case, the evidence to establish the fact has not been produced here. The cause of action seems to be without merit, and the complaint must be dismissed, with costs. Let the defendants' attorney prepare a decision and judgment, and give two days' notice of settlement.

Complaint dismissed, with costs.